IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-32-D

SHAKEMA BROWN, )
)
         Plaintiff, )
)
v. ) **ORDER**
)
TRINITY SERVICES GROUP, )
)
         Defendant. )

On August 28, 2017, Trinity Service Group ("TSG") moved to dismiss Shakema Brown's ("Brown" or "plaintiff") Title VII race discrimination claim in count one and stand alone punitive damages claim in count three [D.E. 10] and filed a memorandum in support [D.E. 11]. See Fed. R. Civ. P. 12(b)(1), (6). On September 12, 2017, Brown responded and admitted that the court lacks subject-matter jurisdiction over count one and asserted that Brown is seeking punitive damages in connection with her 42 U.S.C. § 1981 claim in count two. See [D.E. 12] 2–4. On September 26, 2017, TSG replied. See [D.E. 13].

The court lacks subject-matter jurisdiction over Brown's Title VII race discrimination claim in count one. Brown did not assert race discrimination in her EEOC charge. See [D.E. 11] 2–4; [D.E. 11-1]. Thus, this court lacks jurisdiction to consider Brown's Title VII claim in this action. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300–01 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963–64 (4th Cir. 1996).

As for the stand alone punitive damages claim in count three, the claim fails. See, e.g., Baldwin v. Duke Energy Corp., No. 2:12-CV-212-MOC-DSC, 2012 WL 3564021, at *4 (W.D.N.C.

July 13, 2012) (unpublished); Haylash v. Volvo Trucks N.A., Inc., No. 97-CV-1135, 1998 WL 34262257 at *3 (M.D.N.C. Apr. 10, 1998) (unpublished). Brown may seek punitive damages in connection with count two.

In sum, the court GRANTS the defendant's motion to dismiss [D.E. 10] counts one and three.

SO ORDERED. This 16 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge